IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SPADA PROPERTIES INC., an
Oregon corporation d/b/a United Salad
Co.,

                    Plaintiff,                  3:13-cv-01803-PK

v.                                        FINDINGS AND
                                        RECOMMENDATION

TUKWILA TRADING COMPANY, LLC,
a Washington limited liability company,

                    Defendant.

PAPAK, Magistrate Judge:

      The matter before the court is plaintiff Spada Properties Inc.'s ("Spada") motion for

attorneys' fees and costs (#21). For the reasons set forth below, Spada's motion should be

granted in part and denied in part and the district court should award Spada attorneys' fees in the

Page 1 - FINDINGS AND RECOMMENDATION

amount of $4,287.50 and costs in the amount of $745.50.

## BACKGROUND

On October 9, 2013, Spada, an Oregon corporation that sells and distributes fresh fruit and produce, filed the instant action against Tukwila Trading Company, LLC ("Tukwila"), asserting various claims arising out of Tukwila's failure to pay Spada for perishable commodities that Spada shipped to Tukwila. *See* Complaint, #1, ¶¶ 3, 9-34. On November 22, 2013, the undersigned entered a default order against Tukwila after it failed to respond to Spada's complaint in the time allotted under Federal Rule of Civil Procedure 12. *See* November 22, 2013 Default Order, #11. Thereafter, United States District Court Judge Anna J. Brown entered a default judgment against Tukwila in the amount of $141,620.73, plus interest. *See* December 19, 2013 Default Judgment, #18. The default judgment further provides: "Plaintiff is awarded its reasonable costs, disbursements and attorney fees against defendant Tukwila. Plaintiff may apply for such sums pursuant to the procedure stated in FRCP 54 and LR 54 following the entry of this judgment." *Id.* at 2. On December 30, 2013, Spada filed the instant motion, requesting attorneys' fees in the amount of $4,912.50 and costs in the amount of $800.69.

## ANALYSIS

I.    **Attorneys' Fees**

A.    **Entitlement to Attorneys' Fees**

"Under the American Rule[,] it is well established that attorney's fees 'are not ordinarily recoverable in the absence of a statute or enforceable contract providing therefor.'" *Summit Valley Indus. Inc. v. Local 112, United Bhd. of Carpenters & Joiners of Am.*, 456 U.S. 717, 721 (1982) (quoting *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 717 (1967)).

Page 2 - FINDINGS AND RECOMMENDATION

In this case, Spada argues that it is entitled to attorneys' fees pursuant to the invoices Spada sent

Tukwila, each of which provides that, "[i]n the event suit or action is instituted to collect money

due hereunder, buyer agrees to pay seller reasonable attorney's fees." Ex. 1, Declaration of

Sanford R. Landress ("Landress Decl."), #22, at 1-8. I find that Spada has produced sufficient

evidence that it has an enforceable contract right to attorneys' fees incurred in litigating this

action. *See Progressive Produce Corp. v. Wild West Produce, LLC*, No. CV 13-00665 RSWL

(PJWx), 2013 WL 1935921, at *3 (C.D. Cal. May 9, 2013) (finding that the plaintiff had an

enforceable contract right to attorneys' fees under California law where the plaintiff had sent the

defendant an invoice stating, "'[s]hould any action be commenced between the parties to this

contract to collect the sums due hereunder the prevailing party shall be entitled to recover actual

attorney's fees in connection with such action'"). Accordingly, I now turn to consider whether the

requested attorneys' fees are reasonable.

**B.    Lodestar**

Determination of reasonable attorneys' fees begins with the "lodestar," which is the

"number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."

*Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564 (1986) (quoting

*Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). In this case, Spada relied on the services of

attorney Sanford R. Landress, attorney David P. Weiner, paralegal Carrie Evans, and legal

assistant Ashley McNaughton. Plaintiff requests compensation for 12.50 hours of Landress's

time at a rate of $315 an hour, .20 hours of Weiner's time at a rate of $350 an hour, 5.00 hours of

Evans's time at a rate of $175 an hour, and .60 hours of McNaughton's time at a rate of $50 an

hour. Spada therefore seeks a total of $4,912.50 in attorney, paralegal, and legal assistant fees in

connection with litigating this action. Tukwila has filed no opposition to Spada's motion for attorneys' fees. Nevertheless, this court is obliged to scrutinize Spada's fee petition independently to determine its reasonableness. *See, e.g., Gates v. Deukmejian*, 987 F.2d 1392, 1400-01 (9th Cir. 1992).

### 1.    Hours Reasonably Expended

It is the fee claimant's burden to demonstrate that the number of hours spent was reasonably necessary to the litigation and that counsel made "a good faith effort to exclude from [the] fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 433-34; *see also Frank Music Corp. v. Metro-Goldwyn-Mayer Inc.*, 886 F.2d 1545, 1557 (9th Cir. 1989) ("Plaintiffs bear the burden of showing the time spent and that it was reasonably necessary to the successful prosecution of their . . . claims."); *Chalmers v. City of L.A.*, 796 F.2d 1205, 1211 (9th Cir. 1986) ("The district court is in the best position to determine . . . the number of hours reasonably expended in furtherance of the successful aspects of a litigation . . . ."). Moreover, it is likewise the fee claimant's burden to "submit evidence supporting the hours worked . . . . Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433; *see also, e.g., Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945-46 (9th Cir. 2007) (same).

After reviewing the billing records provided by Spada, *see* Ex. 2, Landress Decl., #22, at 1-5, I find that the number of hours expended in this litigation by Landress, Weiner, Evans, and McNaughton is reasonable.

### 2.    Reasonable Rate

It is well settled within the Ninth Circuit and in this District that:

> The prevailing market rate in the community is indicative of a
> reasonable hourly rate. The fee applicant has the burden of
> producing satisfactory evidence, in addition to the affidavits of its
> counsel, that the requested rates are in line with those prevailing in
> the community for similar services of lawyers of reasonably
> comparable skill and reputation.

*Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1262-63 (9th Cir. 1987) (citing *Blum v. Stenson*, 465

U.S. 886, 895-97 & n.11 (1984)) (footnote omitted) (internal citation omitted). Here, Spada

requests that Landress's time be compensated at an hourly rate of $315, Weiner's time be

compensated at an hourly rate of $350, Evans's time be compensated at an hourly rate of $175,

and McNaughton's time be compensated at an hourly rate of $50.

### a.      Rate for Attorney Landress

In a sworn affidavit, Landress provides evidence that he has thirty-two years of

experience and has handled "various types of commercial litigation with an emphasis on

creditor's rights and bankruptcy." Landress Decl., #22, ¶ 2.

According to the 2012 Oregon State Bar Economic Survey, which provides useful

information as to rates actually charged by Oregon attorneys in 2012,[1] the median hourly rate for

legal services charged by Portland-area attorneys with more than thirty years of experience was

$350 in 2012, with a 25th percentile rate of $275, a 75th percentile rate of $400, and a 95th

percentile rate of $500. An appropriate method for adjusting the foregoing rates for inflation in

order to estimate the corresponding rates prevalent in the Portland legal community in 2013,

when this action was litigated, is to multiply the 2012 rates by the consumer price index for

urban consumers ("CPI-U") for 2013, then divide the resulting figures by the CPI-U for 2012. I

---

[1] All hours expended in connection with litigating this action were expended between
October and December 2013.

take judicial notice that the United States Department of Labor's Bureau of Labor Statistics has published a CPI-U for the Western states of 232.376 for 2012 and of 235.824 for 2013. On this method, the estimated median hourly rate for legal services charged by Portland-area attorneys with over thirty years of experience in 2013 would be $355.19, with an estimated 25th percentile rate of $279.08, an estimated 75th percentile rate of $405.94, and an estimated 95th percentile rate of $507.42.

   In light of all of the evidence in the record, I find that an hourly rate of $315 is reasonable for an attorney of Landress's experience and with his credentials.

   **b.     Rate for Attorney Weiner**

   Spada offers no evidence regarding Weiner's experience or credentials. However, I take judicial notice of the Oregon State Bar's member directory, which shows that Weiner was admitted to practice on September 22, 1972. Thus, Weiner has over thirty years of experience. As noted above, the estimated median hourly rate for legal services charged by Portland-area attorneys with over thirty years of experience in 2013 is $355.19, with an estimated 25th percentile rate of $279.08, an estimated 75th percentile rate of $405.94, and an estimated 95th percentile rate of $507.42. Weiner's fee of $350 an hour falls squarely in the mid-range of fees charged by attorneys with over thirty years of experience and, accordingly, I find that the requested hourly rate is reasonable.

   **c.     Rates for Paralegal Evans and Legal Assistant McNaughton**

   Spada offers no evidence regarding Evans or McNaughton's experience or credentials or the reasonable hourly rates for paralegals or assistants in the Portland area. In a recent opinion, United States District Court Judge Anna J. Brown examined a fee application submitted by

Page 6 - FINDINGS AND RECOMMENDATION

attorney Landress that requested fees for work performed by Evans and McNaughton. *Sterling Sav. Bank v. Derek L. Brown & Assocs., Inc.*, No. 3:10-CV-00674-BR, 2013 WL 164424 (D. Or. Jan. 15, 2013). Noting that the fee claimant had provided no information as to the experience or credentials of Evans and McNaughton, Judge Brown reduced the requested rate for their work to $50 per hour, finding that such "a minimal rate" was appropriate given the "scant record." *Id.* at *4. I find Judge Brown's reasoning persuasive. Accordingly, I shall reduce the requested rate for paralegal Evans from $175 to $50 and shall award the requested rate of $50 for legal assistant McNaughton.

### C.    Calculation and Adjustment of the Lodestar Figure

#### 1.    Lodestar Product

The product of the 12.50 hours reasonably expended by attorney Landress and his reasonable hourly rate of $315 is $3,937.50. The product of the .20 hours reasonably expended by attorney Weiner and his reasonable hourly rate of $350 is $70.00. The product of the 5.00 hours reasonably expended by paralegal Evans and her reasonable hourly rate of $50 is $250.00. The product of the .60 hours reasonably expended by legal assistant McNaughton and her reasonable hourly rate of $50 is $30.00. Thus, the lodestar calculation results in a pre-adjustment total of $4,287.50.

#### 2.    Adjustment

After the court calculates the lodestar, it "may adjust the 'presumptively reasonable' lodestar figure based upon the factors listed in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975), that have not been subsumed in the lodestar calculation." *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993) (internal citation omitted). These factors

include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See, e.g., id.* (citing *Kerr*, 526 F.2d at 70). Only those factors that are applicable need be addressed. *See, e.g., Sapper v. Lenco Blade, Inc.*, 704 F.2d 1069, 1073 (9th Cir. 1983).

It is within the discretion of this court to adjust the lodestar figure either: (1) downward if the plaintiff has achieved only partial or limited success or if the fee is otherwise unreasonable, *Hensley*, 461 U.S. at 435-36; or (2) upward in "rare" and "exceptional" cases, *Pennsylvania*, 478 U.S. at 565. The presumption, however, is that the lodestar figure represents a reasonable fee. *See Miller v. L.A. Cnty. Bd. of Educ.*, 827 F.2d 617, 621 (9th Cir. 1987).

After considering the *Kerr* factors, I find that the lodestar figure is the appropriate award in this case. I therefore recommend that the district court award Spada its attorneys' fees in the lodestar amount provided above, specifically $4,287.50.

## II.    Costs

Next, Spada requests that the court award it $800.69 in reasonable costs pursuant to Federal Rule of Civil Procedure 54(d). Specifically, Spada requests the following: (1) $400.00 in filing fees; (2) $6.00 in Pacer fees; (3) $317.00 in service fees; (4) $22.50 in copying fees; and (5) $55.19 in Westlaw/Lexis research. *See* Ex. 2, Landress Decl., #22, at 4.

Federal Rule of Civil Procedure 54(d) provides that, "[u]nless a federal statute, these

rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed

to the prevailing party." Fed. R. Civ. P. 54(d). "Costs" taxable under Rule 54(d) "are limited to

those set forth in 28 U.S.C. §§ 1920 and 1821." *Twentieth Century Fox Film Corp. v. Entm't*

*Distrib.*, 429 F.3d 869, 885 (9th Cir. 2005) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*,

482 U.S. 437, 445 (1987)); *accord Alflex Corp. v. Underwriters Labs., Inc.*, 914 F.2d 175, 176

(9th Cir. 1990).  Under 28 U.S.C. § 1920, the court may tax as costs:

> (1)    Fees of the clerk and marshal;
>
> (2)    Fees for printed or electronically recorded transcripts
>        necessarily obtained for use in the case;
>
> (3)    Fees and disbursements for printing and witnesses;
>
> (4)    Fees for exemplification and the costs of making copies of
>        any materials where the copies are necessarily obtained for
>        use in the case;
>
> (5)    Docket fees under section 1923 of this title;
>
> (6)    Compensation of court appointed experts, compensation of
>        interpreters, and salaries, fees, expenses, and costs of
>        special interpretation services under section 1828 of this
>        title.

28 U.S.C. § 1920.  "Once a prevailing party establishes that [an] expense is taxable under [28

U.S.C. § 1920]," then the losing party bears the burden of proving why the prevailing party is not

entitled to costs. *Plantronics, Inc. v. Aliph, Inc.*, No. C 09-01714 WHA (LB), 2012 WL

6761576, at *3 (N.D. Cal. Oct. 23, 2012); *see also Jardin v. DATAllegro, Inc.*, No. 08-CV-1462-

IEG (WVG), 2011 WL 4835742, at *2 (S.D. Cal. Oct. 12, 2011).

        I find that Spada's requests for filing, Pacer, service, and copying fees are reasonable and

authorized by 28 U.S.C. § 1920.  However, I find that Spada is not entitled to recover fees

incurred in conducting computerized research. *See Kraft v. Arden*, No. CV. 07-487-PK, 2009 WL 73869, at *9 (D. Or. Jan. 8, 2009) (noting that "[c]harges for computerized legal research do not fall within [the] scope of costs recoverable under 28 U.S.C. § 1920"). Accordingly, Spada should be awarded a total of $745.50 in costs.

## CONCLUSION

Based on the foregoing, Spada's motion for attorneys' fees and costs (#21) should be granted in part and denied in part. The district-court judge should award Spada attorneys' fees in the amount of $4,287.50 and costs in the amount of $745.50.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this 25th day of February, 2014.

Honorable Paul Papak
United States Magistrate Judge